UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVELUS CRIGLER,

    Plaintiff,

vs.

PARTY CITY CORPORATION, a
Delaware Corporation (doing business as
"Halloween City") and MINUTE MEN
STAFFING OF MICHIGAN, INC.,

    Defendants.

Case:2:18-cv-13465
Judge: Tarnow, Arthur J.
MJ: Whalen, R. Steven
Filed: 11-06-2018 At 04:00 PM
CMP CRIGLER VS PARTY CITY CORPORATION, ET AL.

Magistrate Judge
David R. Grand

---

TREVELUS CRIGLER
8077 Bramell
Redford, MI 48239
313-836-8199

---

# COMPLAINT AND JURY DEMAND

Plaintiff Trevelus Crigler, pro se, complains against Defendants Party City Corporation, doing business as Halloween City, and Minute Men Staffing of Michigan, Inc., as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Trevelus Crigler resides in Wayne County, Michigan.

2. Defendant Party City Corporation is Delaware Corporation doing business in Michigan as Halloween City.

3. Defendant Minute Men Staffing of Michigan, Inc. is a Michigan Corporation.

4. This claim arises out of the actions taken by Defendants as joint-employers of Plaintiff.

5. This Court has subject matter jurisdiction over this matter because Plaintiff's claims arises under federal law.

6. Venue is proper in the Eastern District of Michigan because all of the events giving rise to this case and controversy occurred in the Eastern District of Michigan and because Defendants operate their business in the Eastern District of Michigan.

7. Prior to filing this lawsuit, Plaintiff timely filed charges of discrimination against both Defendants and received right to sue letters from the Equal Employment Opportunity Commission with respect to both charges.

8. This suit was filed within 90 days of Plaintiff receiving the notices of right-to-sue from the EEOC.

## GENERAL ALLEGATIONS

9. This is a race discrimination suit arising out of Plaintiff's employment and constructive discharge from employment with Defendants.

10. Plaintiff Trevelus Crigler is an African-American male and is currently 50 years-old.

11. Plaintiff began working for Defendant Minute Men, a staffing agency, in September 2016, as a general laborer.

12. In November 2017, Minute Men assigned Plaintiff to work for Defendant Party City Corporation (d/b/a Halloween City), as a general laborer, at the Halloween City distribution center in Detroit, Michigan.

13. During his joint-employment with Defendants, Plaintiff reported to Shane Campbell.

14. Campbell served as Plaintiff's day-to-day supervisor and directed the work activities of Plaintiff and the other laborers.

15. Campbell reported to Lisa Foster, general manager.

16. Starting in approximately May 2017, Campbell, who is Caucasian, regularly and frequently harassed Plaintiff on the basis of his race, by calling him "pimp," "player," "homie," "T-bone," "motherfucker" and other racially-tinged and racially stereotypical names, including calling Plaintiff, "nigger."

17. Campbell and other employees also regularly and frequently used the term "nigger shit" in reference to work activities in the distribution center, for example, reacting to a palette falling over by saying, "that's that nigger shit."

18. On other occasions, Campbell directed other inappropriate language such as "suck my dick" towards Plaintiff.

19. In September 2017, Plaintiff reported this racial harassment to Lisa Foster, general manager for Halloween City, Steve O'Toole, logistics manager for Halloweeen City, and Joe [last name unknown], the office manager for Defendant Minute Men Staffing of Michigan.

20. In these conversations, Plaintiff reported that he was subjected to raical comments and a hostile work environment.

21. The same day that Plaintiff reported this racial harassment, Halloween City sent him home.

22. The next day, Plaintiff reported to work at the Halloween City distribution center as scheduled.

23. Upon his arrival, Plaintiff spoke with the general manager, Lisa Foster.

24. Foster told Plaintiff that he had two options: (1) deal with it, or (2) quit.

25. Plaintiff started his shift.

26. Shortly after starting his shift, Plaintiff saw Campbell and Foster having a conversation in Foster's office.

4

27. Plaintiff finished his work assignments for the day.

28. At the end of the day Plaintiff quit his employment with Halloween City.

29. Plaintiff contacted Minute Men about a new work assignment, but Minute Men refused to offer Plaintiff another job assignment if he was not working at Halloween City.

30.

31. The discriminatory treatment Plaintiff experienced caused him to experience ongoing stress, embarrassment, anxiety, tension, high blood pressure, and depression.

## COUNT ONE
## VIOLATION OF TITLE VII
## RACE DISCRIMINATION AND RETALIATION

32. Plaintiff incorporates all the above allegations as if stated in full herein.

33. Under Title VII of 42 U.S.C. § 2000(e)(2), it is unlawful for an employer to discharge an individual or otherwise discriminate against an individual in employment with regards to race.

34. Plaintiff was a member of a protected class for purposes of Title VII.

35. Defendants were employers for purposes of Title VII

36. Defendants were Plaintiff's joint-employers for purposes of Title VII because they both had the power to hire and fire employees, supervised and

controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records.

37. Plaintiff was qualified for his position with Defendants.

38. Plaintiff was subjected to illegal working conditions or treatment at work, such as consistently being treated differently than, and held to a different standard than, similarly-situated white employees, and being subjected to racially discriminatory abuse and harassment by his supervisor.

39. Plaintiff's race was a motivating factor that made a difference in Defendant's treatment of Plaintiff.

40. This mistreatment was so intolerable that any reasonable employee would resign and/or not return to work with Defendants, rather than continue to work in that environment.

41. But for the discrimination Plaintiff suffered at the hands of Defendants, he would not have been forced to resign his employment with Defendants.

42. Defendants had notice of the racial harassment directed towards Plaintiff but failed to take prompt and effective remedial action to address the harassment.

43. Plaintiff was forced to quit his employment with Halloween City due to the hostile and intolerable working conditions to which she was subjected by Defendants.

44. Plaintiff engaged in protected activity by reporting illegal acts of racial harassment to Defendants.

45. Defendant Party City Corporation retaliated against Plaintiff because of his protected activity by forcing him to "deal with" the harassment or quit, thus causing Plaintiff's constructive discharge from employment.

46. Defendant Minute Men retaliated against Plaintiff because of his protected activity by refusing to provide Plaintiff another work assignment if he was not able to continue his employment with Halloween City because of the racial harassment he experienced while working in the distribution center.

47. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained, and will continue to sustain, injuries and damages, including, but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of goodwill, harm to business reputation, loss of esteem and standing in employment community, humiliation and embarrassment, mental and emotional distress, depression, anxiety, and loss of ordinary pleasures of life.

48. Defendant's acts of discrimination against Plaintiff were intentional and willful.

Accordingly, Plaintiff requests the following relief:

a. An order of reinstatement to his former position or suitable alternative position;

   b. An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

   c. An order awarding Plaintiff punitive damages for Defendant's willful violation of Title VII;

   d. An order of the court awarding Plaintiff interest, cost and attorney's fees; and

   e. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1981
## RACE DISCRIMINATION AND RETALIATION

49. Plaintiff incorporates all the above allegations as if stated in full herein.

50. Under 42 U.S.C. §1981, it is unlawful for an employer to discharge an individual or otherwise discriminate against an individual in employment because of race.

51. Plaintiff was a member of a protected class for purposes of 42 U.S.C. §1981.

52. Defendants were employers for purposes of 42 U.S.C. §1981.

53. Defendants were Plaintiff's joint-employers for purposes of 42 U.S.C. §1981 because they both had the power to hire and fire employees, supervised and

controlled employee work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records.

54. Plaintiff was qualified for his position with Defendants.

55. Plaintiff was subjected to illegal working conditions or treatment at work, such as consistently being treated differently than, and held to a different standard than, similarly-situated white employees, and being subjected to racially discriminatory abuse and harassment by his supervisor.

56. Plaintiff's race was a motivating factor that made a difference in Defendant's treatment of Plaintiff.

57. This mistreatment was so intolerable that any reasonable employee would resign and/or not return to work with Defendants, rather than continue to work in that environment.

58. Defendants had notice of the racial harassment directed towards Plaintiff but failed to take prompt and effective remedial action to address the harassment.

59. But for the discrimination Plaintiff suffered at the hands of Defendants, he would not have been forced to resign his employment with Defendants.

60. Plaintiff was forced to quit his employment with Halloween City due to the hostile and intolerable working conditions to which she was subjected by Defendants.

61. Plaintiff engaged in protected activity by reporting illegal acts of racial harassment to Defendants.

62. Defendant Party City Corporation retaliated against Plaintiff because of his protected activity by forcing him to "deal with" the harassment or quit, thus causing Plaintiff's constructive discharge from employment.

63. Defendant Minute Men retaliated against Plaintiff because of his protected activity by refusing to provide Plaintiff another work assignment if he was not able to continue his employment with Halloween City because of the racial harassment he experienced while working in the distribution center.

64. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained, and will continue to sustain, injuries and damages, including, but not limited to: loss of earnings and earning capacity, loss of career opportunities, loss of goodwill, harm to her business reputation, loss of esteem and standing in her employment community, humiliation and embarrassment, mental and emotional distress, depression, anxiety, and loss of ordinary pleasures of life.

65. Defendant's acts of discrimination against Plaintiff were intentional and willful.

66. Accordingly, Plaintiff requests the following relief:

   a. An order of reinstatement to former position or suitable alternative position;

b. An order of the court awarding Plaintiff back pay, front pay in lieu of reinstatement, and other forms of economic compensation as permitted by law;

c. An order awarding Plaintiff punitive damages;

d. An order of the court awarding Plaintiff interest, cost and attorney's fees; and

e. An order of the court awarding Plaintiff such other relief as this court deems just and equitable.

Respectfully submitted,

*[signature]*

TREVELUS CRIGLER
8077 Bramell
Redford, MI 48239
313-836-8199

DATE: November 5, 2018

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues in this case.

Respectfully submitted,

*/s/ Trevelus Crigler*
TREVELUS CRIGLER
8077 Bramell
Redford, MI 48239
313-836-8199

DATE:  November 5, 2018

## NOTICE OF LIMITED SCOPE ASSISTANCE

This document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to Michigan Rule of Professional Conduct 1.2(b).  Plaintiff received assistance from the Detroit Mercy Law Federal Pro Se Legal Assistance Clinic, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Room 1044, Detroit, MI 48226, 313-234-2690, Staff Attorney: Kevin M. Carlson (P67704)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TREVELUS CRIGLER

**DEFENDANTS**
PARTY CITY CORPORATION AND MINUTE MEN STAFFING OF MICHIGAN, INC

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE
5077 BRAMELL, REDFORD, MI. 48239

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other ❏ 550 Civil Rights ❏ 555 Prison Condition ❏ 560 Civil Detainee - Conditions of Confinement | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII + 42 USC 1981

Brief description of cause: EMPLOYMENT DISCRIMINATION - RACE

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 11/5/18
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :