UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>REVELUS</small> C<small>RIGLER</small>,

   Plaintiff,

v.

P<small>ARTY</small> C<small>ITY</small> C<small>ORPORATION, ET AL.</small>,

   Defendants.

_____/

Case No. 18-13465

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
R. S<small>TEVEN</small> W<small>HALEN</small>

**O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANT</small> P<small>ARTY</small> C<small>ITY</small>'<small>S</small> M<small>OTION TO</small> D<small>ISMISS</small> [22] <small>AND</small>
G<small>RANTING</small> D<small>EFENDANT</small> M<small>INUTE</small> M<small>EN</small>'<small>S</small> S<small>TAFFING</small>'<small>S</small> M<small>OTION TO</small> D<small>ISMISS</small> [21]
<small>AND</small> M<small>OTION FOR</small> S<small>UMMARY</small> J<small>UDGMENT</small> [23]**

Plaintiff, Trevelus Crigler, alleged that his former employers violated Title VII of the Civil Rights Act of 1964 by subjecting him to discriminatory and retaliatory treatment. Defendants — Party City Corporation ("Party City") and Minute Men Staffing of Michigan, Inc. ("Minute Men Staffing") — have both filed Motions to Dismiss. [Dkt. ## 21 & 22]. Minute Men Staffing of Michigan, Inc. also filed a Motion for Summary Judgment [23].

**F<small>ACTUAL</small> B<small>ACKGROUND</small>**

There has been almost no discovery in this case. Plaintiff neither answered interrogatories nor appeared at his deposition, and no other employee of either Defendant has been deposed. The only exhibits related to the events underlying this

suit are an unsworn statement by a Party City employee and two sworn affidavits by Minute Men Staffing employees.

Plaintiff was hired by Minute Men Staffing on September 6, 2016 and assigned to Halloween City, which is operated by Party City Corporation, on November 14, 2016. According to the unsworn affidavit by a Party City employee, this employee called him "T-bone" throughout "the season," and was eventually told by Plaintiff that this was inappropriate. (Dkt. 22-2). Plaintiff in his complaint alleges that he was called much worse than this, and, as a result of pervasive racial harassment, resigned on September 22, 2017.

That same day, Plaintiff called Joseph Shoaf, a Minute Men Staffing manager and one of the two affiants, and asked how he could file a discrimination complaint. (Dkt. 23-2). Shoaf testified that he gave Plaintiff several options on how to file a Complaint, and that Plaintiff opted to make a written statement, but never did. On October 9, 2017, Shoaf encountered Plaintiff at Minute Men Staffing's Dearborn office, and Plaintiff again complained of discrimination. (*Id*.). Shoaf requested a written account, but Plaintiff refused to provide one and left the building, at which point Shoaf contacted Vince Russo, Minute Men's Human Resources Director, and told him about the conversation. Russo then phoned Plaintiff but found that the phone number listed on Crigler's file was disconnected. (*Id*.).

## PROCEDURAL BACKGROUND

Plaintiff brought this suit *pro se* on November 6, 2018. A scheduling conference was held on April 16, 2019, at which time the Court issued a Scheduling Order [16] providing for discovery to run until July 19, 2019. No discovery motions were filed, but on July 26, 2019, Defendant Minute Men Staffing filed a Motion to Dismiss [21] for Plaintiff's noncompliance with the scheduling order and a deposition subpoena. On August 15, 2019, Defendant Party City Corporation filed its Motion to Dismiss [22], alleging the same. On August 16, 2019, Defendant Minute Men Staffing filed a Motion for Summary Judgment [23] on the merits of the case.

As of September 13, 2019, Plaintiff had not responded to any of these motions, and so the Court issued an Order to Show Cause [26] why the case should not be dismissed for failure to prosecute. A response was due on October 8, 2019. On October 9, 2019, Plaintiff filed a Request [27] for an extension of time to respond to the order for show cause. On October 18, 2019, Plaintiff filed Responses [29, 30] to Minute Men Staffing's Motion for Summary Judgment and Party City Corporation's Motion to Dismiss.

On November 14, 2019, the Court issued an Order [33] granting Plaintiff's extension, and Defendants' motions are now suitable for determination without a hearing in accord with Local Rule 7.1(f)(2).

## LEGAL STANDARDS

Defendants have moved under both Rule 41 and Rule 56 the Federal Rules of Civil Procedure.

Rule 41 provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).

Rule 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Movant bears the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the non-movant lacks evidence to support an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Non-movant cannot rest on the pleadings and must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586-87. Non-movant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Rule 56(e)).

## ANALYSIS

As far as the record shows, Plaintiff has engaged in no discovery. He has excused this by arguing that Defendants failed to provide him with initial disclosures and failed to exchange witness lists with him. The Defendants' witness lists were filed on May 16 and May 17, 2019, however [17, 18]. Plaintiff does not allege that he ever asked for the contact information of any of these witnesses during discovery. Plaintiff does not rebut Defendants' allegations that he failed to respond to their voicemails and interrogatories, and that he failed to appear to his properly noticed deposition.

A district court must consider the following four-part test to determine if dismissal under Rule 41(b) is warranted.

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

In this case, the Court gave Mr. Crigler an opportunity to respond to Defendants' allegations well after the deadline for his responses had passed. Rather than provide an explanation for his behavior, Mr. Crigler focused on Defendants'

alleged failures to follow discovery rules. These allegations, which are unclear, do not excuse the fact that Plaintiff did nothing to advance his case between the status conference on April 16, 2019, and his late response to the Court's order to show cause on October 9, 2019. Defendants have been prejudiced by this willful delay, as they have incurred discovery expenses due to Mr. Crigler's noncompliance, including the costs of the deposition and the interrogatories to which no responses were given.

As to the third factor, Mr. Crigler has been repeatedly warned that his failure to prosecute his case could lead to dismissal, and he has made no effort to remedy or explain his actions and omissions aside from requesting that the Court "set a date for a discovery conference so that this case can proceed." (Dkt. 30, pg. 4). The Court will not redo its April 16, 2019 conference and scheduling order, however, for that would at least double Defendants' expenses solely to afford Plaintiff an opportunity to do what he inexplicably failed to do the first time. As to the fourth prong, the Court considered less drastic sanctions, but, given Plaintiff's in forma pauperis status, it believes economic sanctions would be inappropriate, and dismissal without prejudice would be functionally equivalent to issuing a new scheduling order.

The record is bare of any evidence of what transpired between Plaintiff and Defendants. The Court must therefore choose between dismissing the case and allowing Plaintiff to completely redo discovery. Given Plaintiff's willful non-

compliance and failure to even attempt to defend the merits of his case in his response briefs, the Court is persuaded that dismissal is the proper course.

In the alternative, the Court would grant summary judgment in favor of Defendant Minute Men Staffing.

Minute Men Staffing moves for summary judgment and, on the strength of two employee affidavits, argues that it did nothing to discriminate against Plaintiff. Plaintiff filed a very brief response with no exhibits and no citations to the record alleging that credibility issues and factual questions remain for trial. There are no indications of what these factual questions are, however, and credibility questions cannot arise absent some testimony on Plaintiff's behalf.

Plaintiff alleges the following against Minute Men Staffing in both Count I and Count II of the Complaint:

> Defendant Minute Men retaliated against Plaintiff because of his protected activity by refusing to provide Plaintiff another work assignment if he was not able to continue his employment with Halloween City because of the racial harassment he experienced while working in the distribution center.

Compl. ¶¶ 46, 63.

Plaintiff therefore alleges retaliation under Title VII of 42 U.S.C. § 2000(e)(2) and 42 U.S.C. § 1981 against Minute Men Staffing. The two causes of action are evaluated under the same standards. *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999). To establish a prima facie case of retaliation Plaintiff must establish that:

(1) [he] engaged in a protected activity; (2) [his] exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.

*Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775 (6th Cir. 2018) (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)).

Minute Men Staffing manager Joseph Shoaf testified that Plaintiff refused to inform him of the discrimination against him when asked. (Dkt. 23-2). This is corroborated by an affidavit by Vince Russo of Minute Men Staffing Human Resources who testified that he attempted to call Plaintiff to investigate his claims but was unable to reach him. (*Id.*) Plaintiff has neither produced evidence challenging the veracity of these affidavits nor denied the substance of their narrative.

The facts articulated by Shoaf and Russo do not support a finding of retaliation, even when read in the light most favorable to Plaintiff. No reasonable jury could interpret this evidence to find that Minute Men Staffing purposefully denied Plaintiff a new work assignment, because he spoke out about the discrimination he suffered. Absent any evidence in his favor, Plaintiff cannot show that there are any material factual disputes to bring before a jury.

Accordingly,

**IT IS ORDERED** that Defendant Party City Corporation's Motion to Dismiss [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Minute Men Staffing's Motion to Dismiss [21] and Motion for Summary Judgment [23] are **GRANTED**.

**SO ORDERED**.

                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: December 10, 2019          Senior United States District Judge